IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRIK KLINGE RETAINED TRUST
4075 EAST MARKET STREET
YORK, PA. 17402                             Civil Action No.
    Plaintiff,
v.                                          Jury Trial Demanded

TRIUMPH APPAREL CORP.                       Judge
530 7TH AVENUE   SUITE M1
NYC, NY 10018
    Defendant.

************************************************************************

# COMPLAINT

************************************************************************

To the Honorable Judges of the United States District Court for the Middle District of Pennsylvania:

**COMES NOW**, the Plaintiff by and through its attorney, Joseph C. Korsak, Esquire, and files the instant Complaint asserting as follows:

    1.    At all times mentioned, Plaintiff, the Henrik Klinge Retained Trust, was and is a trust created under Pennsylvania law, doing

business at 4075 East Market Street, York, Pa.

2. At all times mentioned, Defendant, TRIUMPH APPAREL CORP. was and is a duly organized and existing New York corporation having its principal United States place of business at 530 7th Ave., Suite M1, NYC, NY 10018.

3. Plaintiff is a citizen of the Commonwealth of Pennsylvania. The Defendant is a citizen of the State of New York, with its principal place of business as is set forth above in Clause 2. Jurisdiction is based on diversity.

4. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5. At all times mentioned, the Henrik Klinge Retained Trust was and is the owner of commercial real estate municipally known 4075 East Market Street, York, Pennsylvania

6. On or about September 12, 1990, The Defendant's predecessor in interest, Esmark Apparel, Inc., entered into a lease agreement with Plaintiff. (Exhibit A attached; includes later prepared addenda)

7. No security was deposited on account of the lease.

8. Esmark Apparel, Inc., and its successors in interest remained in possession through August 31, 2009, at which time the current tenant, Triumph Apparel, Inc., the successor in interest to Esmark Apparel Corp. and Danskin, Inc., vacated the premises.

9. Immediately prior to Defendant vacating the premises, Plaintiff sent Defendant numerous notices that July and August rent were overdue.  (Exhibit B)

10. Plaintiff had been advised to communicate these issues directly with Defendant's personnel at the State Street, York, Pennsylvania, location.

11. The Defendant did not respond to the notices.

12. Plaintiff avers and believes that it is entitled to rent at $45,232.08 through and including February 28, 2010, for a total now due $361,856.64.

13. The Defendant did not give Plaintiff any notice that it intended to vacate the property prior to the expiration of the lease.

14. The Defendant contracted to leave the premises broom clean

and in as good condition and repair as when it received occupancy.

15. The Defendant has breached its surrender agreement in the following manner:

   a. All office furniture and phone systems were left behind in at least 40 individual office spaces throughout the 109,000 square foot building.
   b. Defendant left behind more than 250 lineal feet of office records strewn throughout the rented premises.
   c. Defendant installed a conveyancing system and left the system behind.
   d. Defendant left behind at least 50,000 square feet of shelving.
   e. The Defendant ripped down molding and failed to replace same.
   f. The Defendant caused structural damage in one or two walls by running a tow motor into the structure.
   g. The Defendant failed to clean the rented premises.
   h. The Defendant caused damage to the ceiling and to the overhead light systems.
   I. The Defendant added electrical lines but rather than remove same, simply cut them at the level of the ceiling.

16. The premises have been left in a condition that prevents Plaintiff from being able to promptly re-rent the premises to a third party.

17. Plaintiff avers and believes that it will cost in excess of

$200,000.00 to restore the facility to its rightful condition.

18. The Defendant was obligated to pay for certain utilities such as gas and electric.

19. The Defendant has failed to do so and now owes Plaintiff $30,000.00 for back electric bills.

20. The Defendant was to pay real property taxes but has failed to do so.

21. Plaintiff believes and avers that Defendant owes Plaintiff a sum in excess of $65,000.00 on account of back property taxes.

22. Plaintiff has or will incur counsel fees in excess of $20,000.00.

WHEREFORE, Plaintiff requests judgment against Defendant in a sum in excess of $600,000.00, with statutory interest, court costs, and counsel fees.

Respectfully Submitted,

Date: September 21, 2009            By: _____
                                    Joseph C. Korsak, Esquire
                                    33 North Queen Street
                                    York, PA 17403
                                    (717) 854-3175
                                    I.D. No. 22233
                                    Attorney for Plaintiff